IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02389-LTB

RICHARD THOMPSON,

    Plaintiff,

v.

ED GALASSO,
DAVE GUTIERREZ,
CATHY GUTIERREZ,
LLOYD GRION, aka LLOYD JIRON,
BLACKIE JUAN NUNEZ, and
MONA KERR,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

On December 7, 2012, Plaintiff filed an Objection with the Court that in general challenges the dismissal of this action. The Court must construe the Objection liberally because Plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Objection as a Motion to Reconsider and deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within twenty-eight days after the final

judgment in an action should be considered pursuant to Rule 59(e). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the time limit set forth under Rule 59(e)). Plaintiff's request was filed within twenty-eight days after the action was dismissed on November 19, 2012, for failure to cure all deficiencies. Therefore, the Objection is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

On consideration of the Motion to Reconsider and the entire file, the Court finds that the Motion fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Although Plaintiff contends that he complied with the September 11, 2012 Order to Cure Deficiencies, nothing he has submitted includes a certified account statement or a proper 28 U.S.C. § 1915 Motion and Affidavit.

Plaintiff also complains that he did not receive the prisoner packet that was sent to him by the Clerk of the Court. However, he did submit his claims on a Court-approved form that is used in filing prisoner complaints in this Court. Consequently, even if Plaintiff did not receive the prisoner packet, he had access to this Court's forms. Again, nothing in any of the filings Plaintiff submitted to the Court subsequent to the

September 11 Order to Cure indicates that he was unable to obtain a § 1915 Motion or an account statement.

The Court also notes that Plaintiff misunderstands the Court's November 19, 2012 Order of Dismissal.  The Court did not assert in the Order that Plaintiff had filed a notice of appeal with the Tenth Circuit.  The Court stated that any appeal Plaintiff might file would not be taken in good faith and he would be denied leave to proceed *in forma pauperis* on appeal.  Accordingly, it is

ORDERED that the Objection, ECF No. 27, submitted on December 7, 2012, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this  10th  day of    December    , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court